WOOSTER *vs.* SALZMAN.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

A debtor, who is doing business as a merchant, without any fixed domicil in the place, living with his family at a boarding-house, is liable to arrest and sequestration of his moveables and baggage in the house, for his boarding expenses, on the affidavit of the inn-keeper, declaring she fears he may remove with his effects and baggage out of the jurisdiction of the court.

The plaintiff keeps a boarding-house in the city of New-Orleans, at which the defendant and his family lived as boarders. On the 11th April, 1839, Madame Wooster had the defendant arrested, and his moveables and baggage in her house, sequestered, on her affidavit that he was indebted to her in the sum of one thousand seven hundred and thirty-seven dollars, for boarding, lodging and extras furnished to him and family, and she verily believed he was about to remove from the state, without leaving in it sufficient property to satisfy her demand ; and that he had many articles of furniture and baggage in her boarding-house, on which she claimed a privilege as inn-keeper.

The defendant *took two rules* on the plaintiff, to show cause why the orders of arrest and sequestration should not be set aside.

On the trial, a witness was called, who proved that the defendant had been doing business as a merchant in the city, and had consignments of segars and brandy made to him within the last year, and that he had an office or counting-room where he transacted business.

Articles of partnership were produced in evidence, signed in February preceding the arrest, between the defendant and one Bleker, in which it was stipulated, that the partners were to establish a mercantile house in New-Orleans, and one in St. Louis ; the former to be conducted by the defend-

ant, who was to reside permanently there, and the latter to be managed by Bleker.

It was, however, shown on the other hand, that the defendant was insolvent; and one witness, a woman that lived in his family, declared she heard the defendant and his wife say, a short time before the arrest, that they were going, first to Havana, then to the north, and to England, and were going to take witness with them. She, however, soon left them, not being able to get her monthly wages.

It did not appear that the defendant had any fixed domicil, or known place of residence, except at his boarding-house.

The district judge however, was of opinion that the weight of testimony was in favor of the intention of the defendant to remain; and that the plaintiff's case did not come within the provisions of the articles 3200 and 3202 of the Louisiana Code, so as to entitle her to a privilege as inn-keeper. The rules were made absolute, and the orders of arrest and sequestration both set aside.

The plaintiff appealed.

*I. W. Smith*, for the plaintiff, insisted, that the evidence fully proved the intention of the defendant to leave the state. The testimony of one witness was positive, and the manner in which he lived and done business, showed that he had no permanent and fixed residence.

2. The sequestration was improperly set aside; there was no legal ground showed. The testimony shows the fears of the plaintiff stated in her affidavit, that the defendant would depart and remove his baggage and property before judgment, were well founded.

3. The property of *residents*, living in inns or public boarding-houses, is liable to the landlord's lien, or privilege, in the same manner as *travellers*. In this case the defendant had no fixed domicil, and complains with a bad grace, when he has been living in the same manner as if he was a stranger. *Louisiana Code*, 3200, 3202.

*Rawle*, for the defendant.

The judgment of the District Court, setting aside the order of arrest, is correct, because the evidence, consisting of the testimony of witnesses, and the articles of partnership, fully proves that there was no intention to leave the state. The defendant shows himself to be a merchant in business, and a resident of the place.

2. The sequestration was wrongful. The inn-keeper cannot retain the property of persons residing in the place. It is that of *travellers* only, which is subject to detention. *Louisiana Code,* 3200. See definition of "*travellers*" in article 3202.

*Eustis, J.,* delivered the opinion of the court.

This is an appeal from an order of the judge of the District Court, setting aside an order of arrest and sequestration, which had been issued against the defendant.

The plaintiff, a keeper of a boarding-house in the city, obtained an order of arrest against the defendant, on an affidavit, that she verily believed the defendant was about to remove from the state, without leaving in it sufficient property to satisfy her demand; that the sum of one thousand seven hundred and thirty-seven dollars and ten cents is due her for board, lodging and extras, furnished to the defendant and his family, from June, 1838, to April, 1839; that she fears the defendant may remove his baggage and other moveables, which are now in her house, out of the jurisdiction of the court. The defendant was arrested, and his effects sequestered.

We consider that the evidence affords good grounds of belief of the truth of the plaintiff's affidavit. When persons intend to leave a place, under the circumstances in which the defendant is situated, that intention is rarely made known beforehand; it is difficult to establish the intention by positive testimony, and it can only be inferred from the acts and conduct of the party, and of those whose relations with him assure to them the means of knowing his intentions.

By the 218th article of the Code of Practice, the debtor may be discharged from arrest, by disproving the facts

alleged on which the arrest was ordered.  We do not con- Eastern Dist.
sider the evidence adduced, as by any means disproving *May*, 1839.
them.  Had the defendant any fixed domicil, a question GRAVIER'S CU-
would arise as to the application of the article 3200 of our RATOR
*vs.*
code.  But domicil is dependent, in a case like this, on in- HODGE.
tention ; the intention of the party is, according to the affida-
vit, to remove from the state.  This could be rebutted, so
far as relates to the sequestration, by showing that the party
had a fixed, permanent domicil here in the city, and in that
event the property would not be liable to the pledge of the
inn-keeper.  See article 3202.

Under the evidence, we consider that the property of the
defendant is subject to the privilege of the inn-keeper.  The
judgments of the District Court are, therefore, reversed, and
the orders of arrest and sequestration are re-instated.  The
appellant to pay costs, and the cause remanded for further
proceedings.